Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Valerie A. Priser;<br><br>    Plaintiff,<br><br>v.<br><br>NCB Management Services, Inc.,<br><br>    Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks recovery of statutory damages, actual damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies

1   in the Tucson Division of the District of Arizona as Plaintiff's claims
2   arose from acts of the Defendant perpetrated therein.

### III. PARTIES

3. Plaintiff resides in Pima County, Arizona.
4. Plaintiff is a natural person allegedly obligated to pay a debt.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant NCB Management Services, Inc. is a Pennsylvania corporation doing business in Arizona as a collection agency (hereinafter "NCB").
7. NCB is licensed and bonded as a collection agency by the Arizona Department of Financial Institutions, license number 0902799.
8. NCB collects or attempts to collect debts owed or asserted to be owed or due another.
9. NCB is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### IV. Factual Allegations

10. Beginning in September 2012, NCB began calling Plaintiff's work and leaving messages on her voice mail.
11. When a call is placed to Plaintiff's place of work, it is answered by an automated answering system which states "Thank you for calling Catalina Mortgage. If you know your party's extension you may enter it at any time," and also gives the caller various options to be directed to a particular department.
12. If someone dials Plaintiff's extension, they receive a message stating "This is Valerie Priser. I am either on the other line or away from my office . . . ."
13. On or about September 6, 2012, NCB's collector called Plaintiff's place

1 | of work, entered Plaintiff's extension number and left a voice message for
2 | Plaintiff.

14. This was NCB's initial communication with Plaintiff concerning the collection of a debt.

15. The message stated:

> This message is for Valerie Priser. Valerie, my name is David Linch. Today is Thursday, September 6th. Please return a call to my office. I can be contacted at 1-8-7-7-3-0-4-6-4-2-6 extension 1-3-6-7. Again, please return a call to David Linch. Phone number is 1-8-7-7-3-0-4-6-4-2-6. My direct extension is 1-3-6-7. Have a great day.

16. In leaving the message, the NCB collector failed to meaningfully disclose the identify the collection agency as required by the FDCPA, 15 U.S.C. §1692d(6).

17. The NCB collector also failed to notify Plaintiff in the message he left that he was attempting to collect a debt and that any information obtained will be used for that purpose, as required by the FDCPA, 15 U.S.C. §1692e(11).

18. On October 1, 2012, NCB's collector again called Plaintiff's place of work, entered Plaintiff's extension number and left a voice message for Plaintiff.

19. The message stated:

> This message is for Valerie Priser. Valerie, my name is David Linch. Office number is 1-8-7-7-3-0-4-6-4-2-6 extension 1-3-6-7. Thank you.

20. As in the prior message, the NCB collector failed to meaningfully disclose the identify the collection agency as required by the FDCPA, 15 U.S.C. §1692d(6).

21. And, the NCB collector also failed to notify Plaintiff in the message he left that the call was from a debt collector, as required by the FDCPA, 15 U.S.C. §1692e(11).

22. Shortly after leaving each of these messages, Plaintiff received a call from her employer notifying her that these messages had been left on her work voice mail and that he had listened to them.

23. Upon learning of the messages left by NCB, Plaintiff was very embarrassed and humiliated. Plaintiff had received other collection calls at work, and believed that her employer would have thought that these NCB messages were also concerning the collection of a debt.

24. At the time it left these messages for Plaintiff, NCB was aware that the messages were being left on Plaintiff's work number, and that someone else may have access to and might listen to any voice message left on the system.

25. On or about September 7, 2012, NCB sent Plaintiff a collection letter attempting to collect on a debt allegedly owed to FIA Card Services.

26. Plaintiff received the letter on September 21, 2012.

27. This was the first written communication from NCB to Plaintiff concerning the FIA Card Services debt.

28. According to NCB's letter, FIA Card Services had assigned an alleged debt to NCB for collection purposes.

29. If Plaintiff owed the alleged defaulted debt to FIA Card Services, which she does not admit, the debt would have been incurred solely for family, personal or household purposes.

30. At the time these messages were left by NCB, Plaintiff was on family

medical leave taking care of her elderly mother who needed around-the-clock care.

31. At the time these messages were left, Plaintiff was working remotely from her home.

32. As a result and proximate cause of Defendant's actions, Plaintiff has suffered actual damages, including, but not limited to, anxiety, embarrassment, humiliation, and other emotional distress.

## V. Causes of Action

### a. Fair Debt Collection Practices Act

33. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

34. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(b), 1692d(6), and 1692e(11).

35. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

    a) Actual damages under the FDCPA;

    b) Statutory damages under the FDCPA;

    c) Costs and reasonable attorney's fees pursuant to the FDCPA; and

    d) Such other relief as may be just and proper.

DATED  July 17, 2013  .

           s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff